```
                                                        FILED  Rec'd
                                                  IN CLERK'S OFFICE   11/4/11
                                                U.S. DISTRICT COURT E.D.N.Y.
                                                   ★ NOV 03 2011 ★
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BROOKLYN OFFICE

------------------------------------------------------------ X

TYRONE ANDERSON,

           Petitioner,

-against-

LUIS MARSHALL, Superintendent,

           Respondent.

------------------------------------------------------------ X

08-CV-4214 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

ORDER & OPINION

ROSS, United States District Judge:

On October 16, 2008, Tyrone Anderson ("petitioner") filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction under New York's persistent felony offender statute, N.Y. Penal Law § 70.10. He alleged that he was being held in state custody in violation of the Sixth and Fourteenth Amendments to the United States Constitution, as interpreted by the United States Supreme Court in Apprendi v. New Jersey, 530 U.S. 366 (2000), and its progeny. See 28 U.S.C. § 2254(d)(1). Because the Second Circuit has addressed the arguments raised by petitioner and held that the New York scheme under which petitioner was sentenced does not run afoul of clearly established Supreme Court precedent, this court is precluded from affording relief on this ground. See Portalatin v. Graham, 624 F.3d 69 (2d Cir. 2010) (en banc). The petition is denied.

Petitioner asks, in the alternative, that the court issue a certificate of appealability. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). Here, there is no showing, much less a substantial one, that petitioner has suffered a constitutional violation. Not only has the Second Circuit, sitting en banc, squarely determined that the statute at issue does not violate the

Constitution, Portalatin, 624 F.3d 69; but the Supreme Court has also repeatedly declined to review legal challenges to the law's constitutionality. See, e.g., Portalatin, 624 F.3d 69, cert. denied sub nom. Morris v. Artis, 131 S. Ct. 1691 (2011); People v. Battles, 16 N.Y.3d 54 (2010), cert. denied, 80 U.S.L.W. 3183 (U.S. Oct. 3, 2011) (No. 10-9465); People v. Wells, 15 N.Y.3d 927 (2010), cert. denied, 80 U.S.L.W. 3183 (U.S. Oct. 3, 2011) (No. 10-9489); People v. Bell, 15 N.Y.3d 935 (2010), cert. denied, 131 S. Ct. 2885 (2011). Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(2), the court denies his request for a certificate of appealability.

For the foregoing reasons, the petition for a writ of habeas corpus is denied, and the court denies petitioner's request for a certificate of appealability. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

/Signed by Judge Ross/

Allyne R. Ross
United States District Judge

Dated: November 3, 2011
Brooklyn, New York